+                                                                                           # 1

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORSPUS BY A PERSON IN STATE CUSTODY

| United States District Court | Middle District of Florida<br>Tampa Division |
|---|---|
| Name (under which you were convicted):<br>**WAYNE D. MATTHEWS** | Docket or Case No.: **TBA**<br>8:25 cv 86 TBS - SPT |
| Place of Confinement:<br>**Liberty C.I.**<br>**11064 N.W. Dempsey Barron Rd.**<br>**Bristol, Fl 32381** | Prisoner No.: **DC#V16974** |
| Petitioner<br>(name under which you were convicted) | Respondent<br>(authorized person having custody of Petitioner) |
| **Wayne Matthews**         v. | **RICKY D. DIXON , DEPT.<br>OF CORRECTION,** |
| Attorney General of the State of Florida: **Ashley Moody.** | |

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

1.    (a) Name and location of Court that entered the judgment of conviction you are

challenging: **The Circuit Court Of The 7th Judicial Circuit, In And For Volusia**

**County, Florida.**

  (b) CRIMINAL DOCKET OR CASE NO.: **09-CF-031515**

2.    (a) DATE OF THE JUDGMENT OF CONVICTION: **March 22, 2012**

  (b) DATE OF SENTENCING: **4-5-12**

3.    (c) SENTENCE TO BE SERVED: **life("PRR")**

4.    In this case, were you convicted on more than one count or more than one  crime:
**Yes**

5.    Identify all crimes of which you were convicted and sentenced in this case:**Home**

**Invasion, Robbery And  Theft.**

6.    (a) What was your plea? **NOT GUILTY.**

(b) If you entered a guilty plea to one count of charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not # 2.
guilty to? **NO**

(c) If you went to trial, what kind of trial did you have? **Jury**

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing? **no**

8.    Did you appeal from the judgment of conviction? **YES**

9.    If you did appeal, answer the following:

(a)    Name of Court: **5th District Court Of Appeals**

(b)    Docket or case number: **5D15-2024**

(c)    Result: **Per Curium Affirmed.**

(d)    Date of result: **MANDATED 8-16-13**

(e)    Citation: **MATTEWS v. State,  So.3d  (Fla. 5TH DCA 20  )**

(f)    Grounds raised: **Multiple Grounds; See, Direct Appeal Brief**

(g)    Did you seek further review by a higher State Court? **NO**

If yes, answer the following:

(1)    Name of Court: **N/A**

(2)    Docket or case number: **N/A**

(3)    Result: **N/A**

(4)    Date of result: **N/A**

(5)    Citation: **N/A**

(6)    Grounds raised: **N/A**

(h)    Did you file a petition for certiorari in the United States Supreme Court? **NO**
If yes, answer the following:

(1)    Docket or case number: **N/A.**

(2)    Result: **N/A.**

(3)    Date of result: **N/A.**

(4)    Citation: **N/A.**

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any State Court? **Yes**

# 3.

11. If your answer to Question 10 was "Yes," give the following information:(a) (1)  Name of Court: **The Circuit Court Of The 7TH Judicial Circuit, In And For Volusia County, Florida.**

(2)     Docket or case number:  **O9-CF-031515**

(3)     Date of filing: **7-14-16**

(4)     Nature of the proceeding: **3.850 Motion For Post-Conviction Relief**

(5)     Grounds raised: **Ground-A,sub. Grds:1, 2, 3, 4, 5, 6, 7,  8, 9, 10, 11and12 ;Ground-B,Sub. Grds:1, 2, 3, 4, 5 and6;Ground-C,;D,;E,;F; all, of the substantive Grounds in Matthew's rule 3.850 motion-have subsections not listed here, but will be distributed below as they appeared in the State court proceedings.**

(6)Hearing; **YES**  (7) Result; **denied** (8) Date of result:?(d) **YES** (e)**NO** (12).For this petition, State every ground on which you claim that you are being held in violation of     the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE: "Eight"Sub-issues based on e IAAC:**

### SUB:ISSUE ONE

DEPRAVATION OF RIGHTS AS SECURED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION THROUGH INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL BY COUNSEL'S FAILURE TO CHALLENGE ABUSE OF DISCRETION BY TRIAL JUDGE WHEN PURPORTING TO THE JURY, NOT TO ASK THEIR OWN QUESTION(S).

(a) SUPPORTING FACTS,,,,

Before trial began the trial judge purported to the jury "not to ask their own questions." (TT 37; lns. 23-25). This statement was highly prejudicial to the petitioner, wherein, from that point on during trial they were under the impression that they could not ask any question(s) under no circumstance to the trial court pertaining to the trial or legal inquisition of the procedural rules of court.

SEE PAGE, 3-1 FOR THE "CONCLUSION" OF ISSUE ONE:

(b) If you did not exhaust your state remedies on Ground One, explain why:     IAAC

## CONCLUSION

WHEREFORE, Appellate counsel falling below an objective level of reasonable competent counsel failing to raise arguable meritorious claims under the **Fla. R. Proff. R. 4-3.1** and ***Granberry v. State, supra;*** standards, and from further failing to present and properly exhaust his Federal Claims under ***Anderson v. Harless, supra***; all on the Trial Judges abuse of discretion and fundamental error when it dictated that the jury could not ask its own question(s). This all prejudiced the Petitioner where in: i) The jury was under the contrary to law impression that under no circumstances could they ask the trial court any question pertaining to the trial and/or legal question and/or due process right question; also ii) The Petitioner was deprived his $6^{th}/14^{th}$ Amendment Jury Determination/Due Process Rights to a fair trial. Where said deficiencies in appellate process to such a degree as to undermine this Honorable Courts confidence in the correctness as the result that should be heard on the merits.

SUB: ISSUE TWO

**DEPRAVATION OF RIGHTS AS SECURED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION THROUGH INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL BY COUNSEL'S FAILURE TO CHALLENGE THE TRIAL JUDGE'S ABUSE OF DISCRETION WHEN DENYING THE MOTION IN LIMINE TO EXCLUDE IDENTIFICATION TESTIMONY OF OFFICER MATTHEW JOHN KARPARIS.**

(a) SUPPORTING FACTS....

DURING PETITIONER'S TRIAL THE VICTIMS TESTIFIED TO different recollections of what the perpetrator was wearing. Cody Romain describes the two assailant's as having dark clothes on, pants, gloves, long sleeved shirts and masks covering everything but their eyes, says their African American males and muscular. (T.T. pg. 74, lns. 1-18). David Walsh describes the assailant's as wearing long pants, long black T-shirts, bandana across nose and covered down to

their neck, blue gloves and black guns. Eugene Iozzino testified that the perpetrator's were wearing all black and could see their eyes and to the bottom of their nose, (T.T. 137; lns. 9-16) also, says they were wearing all black, long pants and T-shirts. (T.T. 138; lns. 14-24). That they looked directly into assailant's eyes, the scene of the robbery was not well lit with fluorescent lights, they did not have a good opportunity to observe the assailant's at the time of the crime, they directed their attention to escaping harm and/or injury and gave police descriptions that did not fit Mr. Matthews general description prior to the photographic lineup and they identified him in court without hesitation. FOR EXAMPLE, SEE: JUDD V. STATE (CITATION OMITTED)

In Judd, the victim's observations of assailant were short-lived, made in a moment of fear and uncertainty, the tavern was dimly lit, the victim had been working for some twelve hours and had consumed at least two beers, his description of the assailant was very general; and the victim did not make an in-court identification of his assailant.

Congruently, the trial judge abused his discretion when denying the Petitioner's motion in limine to exclude identification testimony of officer Matthew John Karparis.   Wherein, the photographic line-up is obviously suggestive and any other judge would have excluded the photographic line-up and/or Mr. Karparis testimony in regards to the identity of the perpetrator who exited the vehicle at the crash site.

The issue presented in this case is whether the procedure used for the identification of Petitioner was unnecessarily suggestive, because, inter alia, the photograph of Mr. Matthews in the photo line-up stands out more than the other photos and the other five

photographs are dissimilar to the photograph of Mr. Wayne Matthews.

Collectively, the unnecessarily suggestive identification procedure creates a substantial likelihood of irreparable misidentification. Moreover, the unnecessarily suggestive identification procedure in this cause violates Mr. Matthews rights to a fair trial and due process of law under the United States CONSTITUTION AND FLORIDA CONSTITUTION. SEE REC. ON APP. VOL.#1 PG. 264-267 - MOTION IN LIMINE-EX. 1 & 2.

## CONCLUSION

WHEREFORE Appellate counsel falling below an objective level of reasonably competent counsel failing to raise arguable very meritorious claims under the **Fla. R. Prof. R. 4-3.1** and ***Granberry v. State, supra;*** standards, and further failing to present and properly exhaust his Federal Claims under ***Anderson v. Harless, supra;*** on the Trial Judges Abuse of Discretion errors on the denial of petitioner's motion in limine. This all seriously prejudiced the Petitioner in this very week circumstantial evidence case, where the photo-identification was unduly suggestive with this trained law enforcement officer who knows to watch for such clues of who they want picked, and where this Officer's very questionable identification and different written description, is the only eyewitness evidence that tends to put the Petitioner at the scene of the crash. All of this on such a weak circumstantial evidence case would have put this case in a different light had such motion been granted. The Petitioner was deprived his 14th Amendment Due Process of Law right to a fair trial, where said deficiencies in Appellate counsel's performance individually and/or

cumulatively compromised the appellate process to such a degree as to undermine this Honorable Courts confidence in the correctness of the result that should be heard on the merits.

### SUB : ISSUE THREE

**DEPRAVATION OF RIGHTS AS SECURED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION THROUGH INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL BY COUNSEL'S FAILURE TO CHALLENGE THE TRIAL JUDGE'S ABUSE OF DISCRETION WHEN DENYING THE MOTION OF JUDGMENT OF ACQUITTAL.**

## (a) SUPPORTING FACTS:

Defense Attorney Mott, in closing argument properly raised these preserved issue(s) of Judgment of Acquittal on Count I, II, III and IV (T.T. Vol. VII; pgs 710-712), so as to Count I, the charge of home-invasion robbery with a firearm, we move for a judgment of acquittal on the grounds that the State has failed to prove a prima facie case. More specifically, Your Honor, as to the element of entering the dwelling, there's no evidence to put Mr. Wayne Matthews in that residence, and therefore we move to enter a judgment of acquittal as to that Count on the grounds that there's insufficient evidence that Wayne Matthews was in that house. Count II, the State has failed to prove beyond -- I'm sorry - beyond a reasonable doubt the charge there, They've not provided sufficient evidence. And more particularly, as to the actual taking of the vehicle, there is insufficient evidence that Wayne Matthews took the Cadillac Escalade. And therefore, we'd move for a judgment of acquittal on that Count. As to Count III, which is the fleeing and attempting to elude, we'd move for a judgment of acquittal on the grounds that the State has failed

to prove a prima facie case. And as to Count what is now IV, obstructing an officer without violence, we move for a judgment of acquittal as to that Count on the grounds that the State has failed to prove a prima facie case.

The State responded, Your Honor, the State has shown that the Defendant has been linked to being one of the two suspects that entered that house. The victims were able to give physical descriptions. Black male, all black clothing, size, height, weight, as well as what his nose looked like, all of which are consistent with what the Defendant appears to look like now. In addition, the vehicle was spotted by Officer Karparis coming over the Granada bridge in, I believe, less than four minutes or close to four minutes after the robbery itself took place. The vehicle was taken by force. The two suspects came in with guns. It's not as though Derek Moskow gave them the keys. The car was involved in a high-speed chase. Officer Karparis pursued it. It crashed within just a couple of minutes of cresting the Granada Bridge. He only saw one individual exit that vehicle; and individual who identified as Wayne Matthews. He ordered that individual to stop. That individual did not listen and fled from the scene.

I think given all of the evidence that we have provided, with the DNA on the gun, the cell phone records, the descriptions by the victims, the ID by Officer Karparis, that we have sufficiently met our burden and ask that you deny the judgment of acquittal's.

Where in, the Judge while addressing the J.O.A.'s stated in pertinent part, "All right, then, Addressing the Count I, the home-

invasion robbery with a firearm, I think there is sufficient evidence in front of the jury, depending on how they view the evidence linking Mr. Matthews up to the home-invasion robbery with a firearm. The only evidence in front of the jury appears to be there are two suspects in the car. At least there's some physical descriptions that would – some of them would come close to Mr. Matthews, and then tie in the vehicle being stolen and then it wrecked after allegedly a high-speed reckless chase just a few minutes later.

At least an officer—again, jury issue as to whether or not the jury is going to accept the officer's identification of specifically ID-ing Mr. Matthews as allegedly the driver of the vehicle. And then again depending on how the jury views the evidence regarding the gun and the DNA, a gun that apparently is at least somewhat similar to one of the firearms used allegedly in the home-invasion robbery with a firearm, having Mr. Matthews' DNA on it.

And some of this would apply, also, to grand theft of an automobile. The same evidence in front of the jury – sufficient evidence in front of the jury if they wish to accept it, and they are the finders of fact.

What the jury is treating as Count III, what we're treating to the jury as Count, III, fleeing and attempting to elude, high-speed reckless chase. Again, there is sufficient evidence in front of the jury, viewing it in light most favorable to the State, making it a jury issue on that.

And the same on what we've presented to the jury as Count IV, obstructing officer without violence. I guess the allegations were the

PAGE **3** - 7

officer - you know, once he came up on the crash scene, tried to keep the alleged driver from running away and the driver disobeyed orders and ran away and you has that chase there.

Therefore, I think there is sufficient evidence viewed in the most favorable light to the State, if the jury wishes to accept, touching on each and every one of the elements for what we're representing to the jury is Counts I, II, III, and IV. So the judgment of acquittals as to Count I, II, III, IV, as has been presented to the jury Counts III and IV, all are denied.

## CONCLUSION

WHEREFORE Appellate counsel failing below an objective level of reasonably competent counsel failing to raise arguable very meritorious claims under the Fla. R. Prof. R. 4-3.1 and _**Grandberry v. State, supra**_; standards, and from further failing to present and properly exhaust his federal claims under _**Anderson v. Harless, supra**_; on the trial judges Abuse of Discretion denying Petitioner's motion for JOA. This all seriously prejudiced the Petitioner violating his Due Process Rights to a fundamentally fair trial under the 14th Amendment on what he arguably was entitled to a judgment of acquittal as a matter of law under said facts and record and review as such denial. Where said deficiencies in Appellate counsel's performance individually and/or cumulatively compromised the appellate process to such a degree as to undermine this Honorable Courts confidence in the correctness of the result that should be heard on the merits.

PAGE 3-8

DEPRAVATION OF RIGHTS AS SECURED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION THROUGH INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL BY COUNSEL'S FAILURE TO CHALLENGE THE TRIAL JUDGE'S ABUSE OF DISCRETION WHEN DENYING THE MOTION IN LIMINE TO EXCLUDE DEFENDANT'S STATEMENTS AND THE MOTION TO SUPPRESS CONFESSIONS AND ADMISSIONS.

## (a) SUPPORTING FACTS:

Defense counsel submitted a Motion in Limine to Exclude Defendant's Statements on the 16th day of February 2010, wherein, the lower tribunal court denied the motion on April 7th 2011. The issue presented in this case is whether the statement made to Lester Jones, was admissible testimonial evidence according to **Fla. Stat. § 90.403**, wherein, the motion in limine claimed exclusion on grounds of prejudice or confusion, without the benefit evidentiary foundation and/or impeachable cross-examination.

The testimony purported was prejudicial to the Petitioner in as much as, it implicated inappropriate conduct where in, there is nothing to tie these statements to the allegations at issue in Mr. Matthews trial. The statements purported by Petitioner and elicited by the State are as follows:

(a) "If they ain't got my right hand man, they don't have me," and

(b) "I can't bring heat to you because you bring heat to me."

*The statements supra, were allegedly made by Mr. Matthews, while in police custody, to an unknown party. The unknown party is believed by law enforcement to be Lester Jones. Lester Jones has not been charged with any crime in connection with the home invasion robbery that occurred on March 11, 2009 and is not a co-defendant/co-conspirator. Admitting these statements into evidence without defense counsel being able to cross-examine Lester Jones violated Mr. Matthews confrontation rights as provided for him under the Sixth Amendment of the United States Constitution. These statements attributed to the*

*Petitioner were not relevant to proving Mr. Matthews involvement in the instant case, particularly because of the vague and general nature of the comments. These vague statements did not help demonstrate to a fact finder whether or not Mr. Matthews committed the alleged offense. Moreover, their introduction highly prejudiced Mr. Matthews because, while statements implicate inappropriate conduct, there was nothing to the allegations at issue during Mr. Matthews trial.*

Collectively, the trial judge abused his discretion when denying the Petitioners motion to suppress confessions and admissions, submitted on the 30th day of April 2009, inasmuch as, the confessions, statements, and admissions obtained from the Petitioner were illegally and contrary to law, in violation of Petitioners rights against self-incrimination, Fifth Amendment, U.S. Constitution, and Article 1, Section 9, Florida Constitution.

## CONCLUSION

WHEREFORE Appellate counsel failing below an objective level of reasonably competent counsel failing to raise arguable very meritorious claims under the **Fla. R. Prof. R. 4-3.1** and **_Grandberry v. State, supra_**; standards, and from further failing to present and properly exhaust his federal claims under **_Anderson v. Harless, supra_**; on the trial judges Abuse of Discretion denying Petitioner's motion to suppress. This all prejudiced the Petitioner, were he was denied his Due Process of Law panoply of rights against self incrimination and a fair trial and review of denial of relief therefrom. Where said deficiencies in Appellate counsel's performance individually and/or cumulatively compromised the appellate process to such a degree as to undermine this Honorable Courts confidence in the correctness of the result that should be heard on the merits.

SUB: ISSUE FIVE

DEPRAVATION OF RIGHTS AS SECURED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION THROUGH INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL BY COUNSEL'S FAILURE TO CHALLENGE THE TRIAL JUDGE'S ABUSE OF DISCRETION WHEN DENYING THE MOTION FOR MISTRIAL.

(α) SUPPORTING FACTS:

Defense Attorney Mott, in closing argument raised this preserved

issue of moving for a mistrial stating:

"My objection was in reference to a telephone call on the grounds of hearsay. In addition, what prompted him to talk to Kasha Crooms is my recollection. In any event, our position is that's inadmissible hearsay. It denies Mr. Matthews the ability to confront and cross-examine witnesses. His constitutional right to confront and cross-examine witnesses and his right to a fair trial." (TT 707-9). *See* **Crawford v. Washington**, **541 U.S 36 (2004)** (the United States Supreme Court changed the landscape of trial testimony by excluding testimonial statements of witnesses who could not be confronted at trial.)

The State responded,

"Your Honor, I think you sustained the objection with respect to the hearsay. The officer did not go into any details of any kind of phone calls. In addition, when I questioned him after that, my question was if he understood whether or not Kasha Crooms vehicle was seen within that perimeter. So certainly, the jury would infer that this is where his information is coming from with respect to Kasha Crooms and not any phone calls that he may have received from any other possible individuals that were involved. *Because there was a phone call made to him tipping him off to Denise Clark and Kasha Crooms.* But the jury has heard nothing about that. Investigator Graves never went anywhere close to that. Therefore, I don't think this leads to a mistrial." (TT 708-9).

The defense countered by saying,

"Well, my objection, I believe, was that it was unresponsive and that it was hearsay. And then I asked for whatever the Court's ruling was, to preserve the record, to make this motion outside of the presence of the jury without having to take them out in the middle of testimony." (TT 709).

· PAGE 3-11

Consequently, the Judge denied the motion for mistrial. (TT 709; lns. 14-15).

## CONCLUSION

WHEREFORE Appellate counsel failing below an objective level of reasonably competent counsel failing to raise arguable very meritorious claims under the **Fla. R. Prof. R. 4-3.1** and **_Grandberry v. State, supra_**; standards, and from further failing to present and properly exhaust his federal claims under **_Anderson v. Harless, supra_**; on the trial judges Abuse of Discretion denying Petitioner's motion for mistrial. This all prejudiced the Petitioner denying him his Due Process Rights to a fair Trial of a judgment of conviction secured from- harmful inadmissible hearsay evidence at trial, and denied him the benefit of a proper evidentiary foundation to cross examine this State witness. Were said deficiencies in Appellate counsel performance individually and/or cumulatively compromised the Appellate process to such a degree as to undermine this Honorable Courts confidence in the correctness of the result that should be heard on the merits.

### ISSUE SIX

**DEPRAVATION OF RIGHTS AS SECURED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION THROUGH INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL BY COUNSEL'S FAILURE TO CHALLENGE THE TRIAL JUDGE'S ABUSE OF DISCRETION WHEN DENYING THE MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM WITNESS CHRISTOPHER KING REGARDING ALLEGED IDENTIFICATION OF THE DEFENDANT.**

Defense counsel submitted a Motion in Limine to Exclude Testimony from Witness King regarding Alleged Identification of the Petitioner. Pursuant to § 90.403, Fla. Stat., and Rule 3.190(h) , to exclude any and all testimony from witness Christopher King regarding his alleged

PAGE 3-12.

identification of Mr. Matthews and re-alleging and adopting the argument on the motion in pertinent part states:

1.  On November 3, 2009, witness King was deposed and testified, after learning the name of a suspect arrested in "his case," he had looked on-line (presumably at the D.O.C. website) and saw the Petitioner's mugshot. (T.T. pg. 96-98).

2.  Prior to being told by law enforcement the identity of the arrested suspect, Mr. King had been only able to see a "goggle" sized portion of the intruder's face. Mr. King also expressed difficulty being sure he had, prior to hearing the name Wayne Matthews, even recognizing the intruder's facial features and not other people seen early in the day while showing his customized Escalade in Daytona Beach.

3.  It is clear that Mr. King's identification, including a potential in court identification, is tainted by his viewing of Mr. Matthews photograph online. Additionally, Mr. King's research suggests that Mr. Matthews has a prior felony record (and so his picture is available online at the Florida Department of Corrections website).

4.  After Mr. King saw Mr. Matthews picture online, of course, Mr. King is likely to identify Mr. Matthews at trial - he will be the only African American sitting at the defense table.

5.  So allowing Mr. King to make an in court identification of Mr. Matthews after he initially was told by law enforcement that Mr. Matthews was arrested as a suspect and independently looked up Mr. Matthews on the Internet to see a picture would be overly prejudicial. The same is true of Mr. King testifying that based on further research he has now been able to identify the intruder as Wayne Matthews.

6.  Certainly, the probative value of any identification by Mr. King is grossly outweighed by the prejudicial value. Further, Mr. King did tell the Jury where he saw the picture which did improperly put evidence of Mr. Matthews prior criminal history before them. At most, Mr. King should have been permitted to testify about what he saw the night in question i.e. the "goggle" sized portion of the intruders face without making any direct reference to Mr. Matthews.

## CONCLUSION

WHEREFORE Appellate counsel failing below an objective level of

reasonably    competent    counsel    failing    to    raise    arguable    very

33

meritorious claims under the **Fla. R. Prof. R.** 4-3.1 and *Grandberry v.*

*State, supra;* standards, and from further failing to present and

properly exhaust his federal claims under *Anderson v. Harless, supra;*

on the trial judges Abuse of Discretion denying Petitioner's motion in

Limine, clearly erring where evidence on the face of the record

supports the argument in the body of the motion. This all prejudiced

the Petitioner denying him his Due Process Rights to a fair trial,

when the States witness King identified him in Court, while testifying

to method he used to identify the Petitioner from a mugshot on the

internet after learning of his arrest as a suspect. Where said

deficiencies in Appellate counsel's performance individually and/or

cumulatively compromised the Appellate Process to such a degree as to

undermine this Honorable Courts confidence in the correctness of the

result that should be heard on the merits.

## SUB: ISSUE SEVEN

**DEPRAVATION OF RIGHTS AS SECURED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION THROUGH INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL BY COUNSEL'S FAILURE TO CHALLENGE THE TRIAL JUDGE'S ABUSE OF DISCRETION WHEN DENYING MOTION FOR SUPPLEMENTAL JURY INSTRUCTIONS AND TO PERMIT VIOR DIRE QUESTIONING OF THE JURY PANEL REGARDING PENALTIES, ENHANCED PENALTIES BASED ON JURY FINDINGS AND MINIMUM MANDATORY PENALTIES.**

## (a) SUPPORTING FACTS:

Appellate Counsel rendered ineffective assistance of counsel for

failing to identify and raise meritorious claims and fundamental error

on the Trial Judges abuse of discretion denying Petitioner's February

16th, 2010 Motion For Supplemental Jury Instruction and to permit vior

dire questioning of the jury panel regarding penalties, and enhanced

PAGE 3-14

penalties (T 102-106) :                    that Trial Counsel adopted the Motion

at the begging of Trial on March 20th, 2012 (T9 Lines 18-25 thru 12

Lines 1-11)           and argued such. Petitioner in the motion,

requested that pursuant to the 6th/14th Amendment and   other relevant

provisions of the Federal and State Constitutions, Wayne D. Matthews,

through  counsel,  requested  the  court  give  the  following  (or

substantially similar) additional instructions to the jury:

(1) Instructions as to penalties for an offense and all lesser

included offenses;

(2) Instruction as to the effect on sentencing & penalties for

any jury finding required on the verdict form;

(3) Instructions as to minimum mandatory penalties.

If the Jury is required to make any specific factual finding on

the verdict form and this finding creates any sentencing enhancement

or otherwise effects the potential criminal penalties, the Jury should

be instructed a to the full effect of such a finding. [3]

Until 1984, Florida Juries were instructed on the potential

penalties facing an accused. In fact, § 918.10(1), Fla. Stat., still

provides:

> "[a]t the conclusion of argument of counsel, the court shall
> charge the jury. The charge shall be only on the law of the
> case and must include the penalty for the offense for which
> the accused is being charged."

The Petitioner will adopt and reallege the argument in said

motion as follows:

Today the law is a complex mixture of statues, precedent and

guidelines. Our jury pools are large and few jurors repeat service,

almost by design, if not by *viore dire*, it is a rare juror who is selected to try a criminal case who has any idea about the state of the law or the potential sentences facing a defendant. In over two hundred years, our laws have evolved and our trial practices changed. But, nonetheless, the purpose and spirit of the Sixth Amendment have not changed.    Accordingly, modern courts must honor the original intent of the 6th Amendment by instructing jurors on the relevant penalties for offenses charged, making jurors aware of the sentencing aspects of the case they are decided and permit counsel to use the 6th Amendment as it was intended. Only by doing so is a criminal defendant afforded a fair trial under the 6th Amendment.

Trial counsel at the beginning of Trial fully adopted this motion and its arguments as laid requesting such instructions as was required **F.S. 918.10§(1)**and the 1972 **Fla. R. Crim. P. 3.390§ (a)** before the **1984 Amendments to R. 3.390 §(a)**  violation of **Article 2 Section 3 Florida Constitution's** separation of Powers doctrine and the 14th Amendment Due Process clause as all applied herein,  for the Supreme Court to have enacted a Rule of Procedure abrogating the **F.S. 918.10§(1)** Florida Legislature defined substantive Law Evidence to be submitted to the jury law, that it enacted under its **Article 3 Section 1 et. seq.; Article V Section 5-6 Florida Constitutions** Substantive Law enacting authority on what evidence goes to the jury. ~~See MacMillian v. State, 358 So. 2d 547, 548-49 (Fla. 1978)(quoting Tot v. United States, 63 S. Ct. 1241, 1244-45 (1943).~~

Being equally applicable to Appellate counsel, that all attorneys are under a professional obligation to not neglect any matters

PAGE 3-16

entrusted to them, knowledge of Rules of Evidence and basic procedure is required in order to provide effective assistance of counsel, that counsel is presumed and required to know the law pertaining to the representation of the Petitioner herein. ~~See Chapman v. State, 492 So.~~ ~~2d 1024, 1026 (Fla. 5 DCA 1989).~~ Ignorance as well defined legal principles is nearly inexcusable for purposes of ineffective of counsel claims. ~~Smith v. Singletary, 170 F. 3d 1051, 1054 (11th Cir.~~ ~~1999).~~ As, is a lack of knowledge of or compliance with prescribed Rules of Procedure and Practice. ~~Johnson v. State, 796 So. 2d 1227,~~ ~~1228 (Fla. 4 DCA 2001).~~

What the Trial counsel and court and Appellate counsel have all apparently overlooked and misapprehended of the Petitioner's claim, that it is an indisputable requisite of a fair and impartial trial under the State/Federal Constitutions Jury Clauses for the Trial Court to have properly instructed the Jury on all the essential elements of his charged, ~~State v. Delva 575 So. 2d 643, 644-45 (Fla. 1991); Alleyne~~ ~~v. United States, 133 S. Ct. @ 2158 id,~~ And that Petitioner's charged offense must contain all the essential elements of the offense, be properly charged in the information and must be properly proven at trial and submitted to the jury and found beyond a reasonable doubt by the jury in its verdict. ~~See: Dixon v. State, 603 So. 2d 570 (Fla. 5~~

Furthermore, what both Trial Counsel and Appellate Counsel presumptively should know: That the same principles of Statutory Construction also apply to Court Rules. In that Supreme Court Rules of Court are limited to matters of procedure and cannot arrogate or modify substantive law. ~~Matters of "Substantive law" which in contrast~~

PAGE 3-17

Therefore, Petitioner was denied his 5th - 6th, and 14th Amendments Due Process of Law / Jury Clause Rights to a fair trial and proper jury consideration and determination of such mandatory P.R.R. life sentence imposition essential elements of the offense mandated by substantive and Constitutional law mandates. Where said deficiencies in Appellate Counsel's performance all compromised the appellate process to such a degree as to undermine this Honorable Courts confidence in the correctness of the result that should be all heard on the merits. ~~See Granberg v. State, supra~~.

### GROUND EIGHT

DEPRAVATION OF RIGHTS AS SECURED BY THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION THROUGH INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL BY COUNSEL'S FAILURE TO RAISE THE ALLEYNE V. UNITED STATES, 133 S. Ct. 2151 (2013) DUE PROCESS / JURY CLAUSE VIOLATIONS ON TRIAL JUDGES DENIAL OF MOTION FOR SUPPLEMENTAL JURY INSTRUCTIONS AND TO PERMIT VOIR DIRE QUESTIONING OF JURY PANEL REGARDING PENALTIES BASED ON JURY FINDINGS AND MINIMUM AND MANDATORY PENALTIES.

## (a) SUPPORTING FACTS:

With first taking the fully incorporated into this Ground 8 of the Ground 7 supra; similar facts and issues, with this ground distinctively being a straight Alleyne v. United States, ~~supra~~, claim that Petitioner's direct appeal was not final at the time Alleyen was rendered and is in the pipeline applicable herein. Flemming v. State, supra; Ground 7 note 4 supra. Wherewithal, appellate counsel having a duty owed to stay abreast and to know the law applicable to Petitioner's case--and had a reasonable duty owed to have identified such Alleyne claims addressed herein, and forth with to have moved by motion and/or Motion for Rehearing, for leave to file supplemental

PAGE 3-18

briefing on such claims on the then still pending direct appeal, and to have raised such claims addressed herein that Appellate counsel falling below an objectable level of reasonableness failed to do.

To be a Prison Releasee Reoffender (P.R.R.) under **F.S. Chapter 775.082§(9)(a),(1)(3)** under the State Legislatures of the distinct separate additional essential elements of the defendant's P.R.R. enhance Home Invasion Robbery offense that must be properly charged in the indictment/information of such essential enhancement predicate elements, properly proven by the State at trial, instructed to and found by the jury in its verdict beyond a reasonable doubt as required under the 6th/14th Amendments Due Process and Jury Clause requirements under **Alleyne,** 133 S. Ct. @ 2155-2158 id; of the additional essential of the P.R.R. enhance Home Invasion Robbery offense in pertinent part summary of:

> That the Defendant committed or attempted to commit such enumerated Home Invasion Robbery, Armed Robbery, or Burglary of a Dwelling offense within three (3) years after being released from a State Correctional facility for an offense for which the sentence is punishable by more than one year in this state correctional facility that must be proven beyond a preponderance of the evidence, that for these life felony offenses the Judge must impose a mandatory life sentence that the Defendant shall not be eligible for any type of parole, early release, and must serve 100% of his sentence (see **F.S. 775.082§ (9)(a), (1)(3)).**

On the Petitioner's charging information (T 87-88) Count 1 P.R.R. enhanced Home Invasion Robbery Offense was charged with down to the particulars of:

> COUNT 1: IN THAT WAYNE DONTAVIOUS MATTHEWS, on or about March 11, 2009 in Volusia County, Florida did unlawfull enter a dwelling with the intent to commit a Robbery, and by force, violence, assault, or putting in fear, did knowingly take away the keys to a person of EUGENE IOZZINO and/or DAVID WALSH and/or DERIK MOSKOW and CHRISTOPHER KING and/or CODY RAMAIN

PAGE 3-19

and/or TREYBON CROWE or any other person not the Defendant(s) of the property, and in the course of committing the Robbery, WAYNE DONTAVIOUS MATTHEWS carried a semi-abbetting, counseling, hiring, or otherwise procuring such offense to be committed by an unknown male, contrary to Florida Statutes 812.135§ (1) and (2)(a) and 775.087(3) and 777.011 (IDEG FE1 PBL).

As a fundamental 14th Amendment Due Process of law violation that the above Count 1 offense of the charging information failed to charge in the body of the offense any of the said **F.S.** 775.082§ (9)(a), (1)(3) release from prison and mandatory life sentence imposition statutory elements of the offense under **Alleyne v. United States,** ~~supra;~~ constitutional requirements, or even a minimum **Fla. R. Crim. P.** 3.140§ (d)(1) required statutory citation to such enhancement essential elements of the Home Invasion Robbery offense. ~~See: Alleyne,~~

Thus, all rendering the P.R.R. mandatory life sentence imposition portion of Petitioner's Count 1 Home Invasion Robbery offense sentence that fails to comport with constitutional and statutory requirements and limitations all being an "Illegal Sentence" that no judge under the entire body of sentencing laws can lawfully impose. ~~See: Alleyne~~

transcript page 50), where, such errors under Alleyne require resentencing as a matter of constitutional law. Such deficiencies in Appellate Counsel's performance have all compromised the Appellate process to such a degree to undermine this Honorable Courts confidence of the correctness of the result of an illegal sentence imposition on essential elements of the enhancement portions of the Count 1 offense he was never charged with as defined in **Alleyne** and **Bradley v. State,** **supra**; that is an exceptional circumstance.

#4.

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the Judgment of conviction, did you raise this issue?  **NO**

(2) If you did not raise this issue in your direct appeal, explain why: **Claims of IAAC cannot be raised on direct appeal.**

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this Issues through a post-conviction motion or petition for habeas Corpus in a State trial Court? **no**

(2) If your answer to Question (d)(1) is "Yes," State: **n/a**

Type of motion or petition: **n/a**

Name of Court: **n/a**

Docket or case number:  **n/a**

Date of Court's decision:**n/a**

Result: Denied

(3)   Did you receive a hearing on your motion or petition? **no**

(4)   Did you appeal from the denial of your motion or petition?**no**

(5)  If you answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? **no**

(6)   If you answer to Question (d)(4) is "Yes," State:**no**

Name of Court:**no**

Docket or case number: **no**

Date of the court's decision:**no**

Result:no

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you  did not raise this issued: **IAAC**

AO 241
(Rev. 10/07)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

N/A

**GROUND TWO:** I.A.C. GROUNDS A, B, C, D, E, F, G AND H WITH "MULTIPLE" SUB-GROUND[S]."

(a) Supporting facts

### GROUND A

In Ground A, Petitioner raised several sub-grounds surrounding a central claim that trial counsel provided ineffective assistance by failing to supplement an adopt a motion with various oral arguments. Each sub-ground will be addressed below. The adopted motion in question was entitled "motion for supplemental jury instructions and to permit *voire dire* questioning of the jury panel regarding penalties, enhanced penalties based on jury findings and minimum mandatory penalties."                This motion was ultimately denied by the Court.

In the first sub-ground, Petitioner did allegle that trial counsel was ineffective for failing to raise and argue that the 1984 revision of Florida Rule of Criminal Procedure 3.390(a) was unconstitutional, in that the revision took away "the jury's pardoning powers of its consideration of legislatively defined evidence of the instructed penalties for the offense . . . ." Petitioner alleged that this argument was necessary in order to bolster the strength of the above-mentioned motion, and if trial counsel had raised this argument the motion would have been granted by the Court. This first sub-ground is without merit.

In the second sub-ground,                alleg that trial counsel was ineffective for failing to ensure that all elements of the charged offenses were included in the jury instructions. Defendant avers that the penalties he faced for each offense should have been included in the jury instructions. The jury was instructed on all elements of the charged offenses and lesser includes. *See* Appendix B (Jury Charge Transcript). Further, based on discussion of the first sub-ground, the instructions were sufficient even though they did not include the penalties for each offense. Therefore, this second sub-ground is DENIED.

In the third sub-ground, Defendant appears to allege that trial counsel was ineffective for failing to "recognize" that the PRR Statute aggravates a prospective sentence, thus triggering the need for special jury instructions. This third sub-ground is without merit. "Other than the fact of

In the fourth sub-ground, Defendant appears to allege that trial counsel was ineffective for failing to raise the argument that in 1972, the Florida Supreme Court adopted a version of Florida Rule of Criminal Procedure 3.390(a) that required the penalties a defendant faced for

*PAGE 5-2*

capital cases, the judge shall not instruct the jury on the sentence which may be imposed for the offense for which the accused is on trial.'" *Nixon*, 572 So. 2d at, 1345 (citing *Coleman*, 484 So. 2d at 628). Thus, the Court finds that trial counsel was not deficient for failing to make meritless arguments. *See Moore*, 225 So. 3d at 307. Therefore, this eighth sub-ground is **DENIED**.

In the ninth sub-ground, Defendant appears to allege that trial counsel was ineffective for failing to make a contemporaneous objection when the Court denied the above-mentioned motion. Defendant further avers that trial counsel was ineffective for not renewing the objection at the appropriate time. For the reasons explained in all the sub-grounds above the Court finds this claim is without merit. Thus, the Court finds that trial counsel was not deficient for failing to make meritless objections. *See Moore*, 225 So. 3d at 307. Therefore, this ninth sub-ground is **DENIED**.

In the tenth sub-ground, Defendant appears to allege that trial counsel was ineffective for failing to raise the above mentioned motion for the purpose of questioning the jurors for potential bias and educating the jurors on sentence enhancements. As stated above, "Florida Rule of Criminal Procedure 3.390(a) provides that '[e]xcept in capital cases, the judge shall not instruct the jury on the sentence which may be imposed for the offense for which the accused is on trial.'" *Nixon*, 572 So. 2d at, 1345 (citing *Coleman*, 484 So. 2d at 628). Consequently, educating the jury on the alleged enhancements would have been inappropriate. Thus, the Court finds that trial counsel was not deficient for failing to make a meritless argument. *See Moore*, 225 So. 3d at 307. Therefore, this tenth sub-ground is **DENIED**.

In the eleventh sub-ground, Defendant alleges that trial counsel was ineffective for failing to preserve the above-mentioned motion in regards to questioning jurors for potential bias and educating the jurors about sentence enhancements. For the reasons explained in all the sub-grounds above, the Court finds this claim is without merit. Thus, the Court finds that trial counsel was not deficient for failing to make meritless objections. *See Moore*, 225 So. 3d at 307. Therefore, this eleventh sub-ground is **DENIED**.

In the twelfth sub-ground, *IN THIS GROUND PETITIONER IS ALLEGING* that by not raising all of the above mentioned sub-grounds *APPELLATE* counsel was ineffective because certain federal grounds were not preserved for review.

claim is without merit.

## GROUND B

In Ground B, Defendant asserts multiple sub-grounds for entitlement to post-conviction relief. Defendant alleges throughout the sub-grounds that his sentence is illegal because the State did not provide notice of its intention to seek enhanced sentencing under the PRR statute.

PAGE 5-3

In the fourth sub-ground, Defendant appears to allege the State must prove that a defendant qualifies for PRR status beyond a reasonable doubt.

In the fifth sub-ground, Defendant appears to allege that the jury must be properly instructed on the sentencing enhancements under the PRR statute.

IN THE SIXTH SUB-GROUND, PETITIONER ALLEGED THAT THE PRR STATUTE IS FACIALLY UNCONSTITUTIONAL UNDER MAYE AND ERLINGER.

## GROUND C

In Ground C, Petitioner did allege that trial counsel was ineffective for failing to suppress phone calls Defendant made during an interrogation conducted by Investigator Graves.

## GROUND D

In Ground D, Defendant appears to allege that trial counsel was ineffective for failing to object to a specific jury instruction given by the Court. Defendant avers that the trial court

## GROUND E

In Ground E, Defendant appears to allege that trial counsel was ineffective for failing to object to the admission of DNA evidence because allegedly the State's expert witness was not qualified to present the statistical components of the DNA analysis conducted. Defendant specially alleges that the State's expert witness did not reveal the statistical methodology used to calculate the DNA population frequencies. Defendant further alleges that the State's expert witness "never testified," as to databases used to calculate the statistical significance of Defendant's DNA profile matching that of samples taken from the firearm. This claim is without

## GROUND F

In Ground F, Defendant alleges that trial counsel was ineffective for failing to file a motion in limine or in the alternative object to the admission of the firearm into evidence due to an alleged break in the chain of custody. Defendant also alleges that trial counsel was ineffective for failing to file a motion in limine or in the alternative object to the admission of a firearm into

PAGE 5-4

## GROUND G

**TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO PROPERLY SUPPRESS OFFICER KAPARIS' ID. OF DEFENDANT IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENT.**

G2. Trial Counsel on April 4th, 2011 filed his Motion in Limine to exclude Identification Testimony of Officer Mathew John Kaparis (R. 264-267) with a copy of the photo-line up used[*46] and Kaparis' Crime Scene Incident Report that primarily relied on the very conflicting ID testimony that the suspect was a 5'8" to 6'1" 165 lbs black male, unknown eye color, short black hair, unknown hair style, unknown complexion, unknown facial hair, unknown teeth description and no listed special identifying features from Kaparis' Report attached, (Also see: TT 339, 346-351, 358-359). A hearing was held on April 7th 2011. (RR 273-394).

## GROUND H

In Ground H, Defendant alleges cumulative error.

## APPOINTMENT OF POST-CONVICTION COUNSEL

Post-conviction counsel was appointed in an order dated November 30, 2016. *See* Appendix ∧ *TO COURT ORDER* The appointment of post-conviction counsel was pursuant to a motion by the State, in which the State conceded that the legal issues presented in the motion are "sufficiently complicated." *See* Appendix ∧ *TO COURT ORDER* The Court noted that the grounds set for an evidentiary hearing *were* without prejudice to Defendant voluntarily dismissing said grounds in the event of a compromised agreement between State and Defendant, pursuant to section 921.186 Florida Statutes. *Id.* NO AGREEMENT WAS EVER PUT ON THE TABLE.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(a) NO    (d) (1)   3.850 MOTION

7TH JUDICIAL CIRCUIT COURT, FLORIDA
CASE NO. 2009-031515 CFAES

Page #6

**#6.**(b)If you did not exhaust your State remedies on this Ground 2 ., explain

why: **IAC**

(c)    : **NO**

(d)    **Post-Conviction Proceedings**:
       (1) Did you raise this Issues through a post-conviction motion or petition for Habeas

Corpus in a State trial Court? **YES**

    (2)    If your answer to Question (d)(1) is "Yes," State: 7th Judicial circuit,Fl.

    Type of motion or petition: **FLA. R. CRIM. P. RULE 3.850**

    Name of Court: **CIRCUIT COURT OF THE 7TH JUDICIAL CIRCUIT, VOLUSIA

COUNTY, FLORIDA.**

    Docket or case number**: O9-031515**

    Date of court's decision**: AUGUST 12TH, 2022**

    Result**: DENIED EXHIBIT**

    (3) Did you receive a hearing on your motion or petition? **NO**

    (4) Did you appeal from the denial of your motion or petition? **YES**

    (5) If you answer to Question (d)(4) is "Yes," did you raise this issue in    the

appeal? **YES**

    (6) If you answer to Question (d)(4) is "Yes," State:

      Docket or case number:  **2D21-2939**

    Date of Court's decision:**4-27-19**

    Result Exhibit-A

13.    Pleas answer these addition questions about the petition you are filing:
(a)    Have all grounds for relief that you have raised in this petition been

presented to the highest State Court having jurisdiction? **YES**


If answer is "No," State which grounds have not been so presented and give

your reason(s) for not presenting them: **N/A**

(b)    Is there any grounds in this petition that have not been presented in

some State or federal Court? If so, ground or grounds have not been

presented, and State your reasons for not presenting them: **NO.**

#7

14.    Have you previously filed any type of petition, application, or motion in a federal Court regarding the conviction that you challenge in this petition?  **NO.**

If "Yes," State the name and location of the Court, the docket or case number, the type of proceeding, the issues raised, the date of the Court's decision, and the result from each        petition, application, or motion filed. Attach a copy of any Court opinion or order, if available. **N/A**

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any Court,    either State or federal, for the judgment you are challenging? **NO.**

If "Yes," State the name and location of the Court, the docket or case number, the type of proceeding, the issues raised, the date of the     Court's decision, and the result from each petition, application, or     motion filed. Attach a copy of any Court opinion or order, if available. **N/A**

16.    Give the name and address, if you know, of each attorney who represented you in the    following States of the judgment you are challenging:

(a)    At preliminary hearing:**no**

(b)    At arraignment and plea:**no**

(c)    At Trial:no
(d)    At sentencing:**no**

(e)    On appeal:  **no**
(f)    In any post-conviction proceeding: **no**

#8

(g)    On appeal from any ruling against you in post-conviction proceedings: **Pro Se**

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? **NO**

    (a) If so, give name and location of Court that imposed the other sentence  your will serve in the future: **NA**

    (b) Give the date other sentence was imposed: **NA**

    (c) Give the length of the other sentence: **NA**

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or  sentence to be served in the future? **NO**

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. Section 2244(b) does not bar your petition.

PETITIONER'S DIRECT APPEAL CONCLUDED:
            AUGUST 2, 2013
ON JULY 18, 2014, PETITIONER FILED A
RULE 3.800 MOTION TOLLING THE 2244
TIME LIMITATION.
ON AUGUST 12, 2015, PETITIONER FILED A RULE
3.850 MOTION THAT PROCEEDINGS DID NOT MANDATE
UNTIL AUG 30th, 2024, TIMELY UNDER 2244.

#9

Therefore, Petitioner asks that the Court grant the following relief:

**WHEREFORE,** the Petitioner respectfully request the Honorable Court to grant the following relief: 1) To Vacate and Set aside the convictions and sentences imposed in the instant case, and ordering the immediate release of the Petitioner from the custody of the Florida Department of Correction. And 2) finally, any other form of relief this Court may deem proper and fit.

X _WAyne MAtthews_

**I DECLARE** (or certify, verify, or State) **UNDER PENALTY OF PERJURY** that the foregoing is true and correct and this Petition for Writ of Habeas Corpus was placed in prison mailing system on this _JAN_ day of _9ᵗ⁺_, 202_4_.

Executed (signed) on _1-9-24_ .

X _WAyne mAtthews_

Liberty Correctional Institution
11064 NW Dempsey Barron Rd.
Bristol, Florida 32321

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
VOLUSIA COUNTY, FLORIDA

STATE OF FLORIDA

CASE NO.:   2009-031515 CFAES

v.

WAYNE D. MATTHEWS,
     Defendant.

_____/

### INTERIM ORDER ON DEFENDANT'S AMENDED MOTION FOR POST-CONVICTION RELIEF

**THIS MATTER** came before the Court upon Defendant's *pro se* amended motion for post-conviction relief, filed on July 14, 2016, pursuant to Florida Rule of Criminal Procedure 3.850. The Court having reviewed the motion, the State's response, Defendant's reply, and the court file, and being otherwise fully apprised of the premises, finds as follows:

### PROCEDURAL HISTORY

On March 22, 2012, a jury found Defendant guilty of home invasion robbery with a firearm; grand theft of a motor vehicle; fleeing or attempting to elude at a high speed/reckless driving; and obstructing an officer without violence. The jury likewise found that Defendant *actually possessed a semiautomatic firearm during the commission of the home invasion robbery.* On April 5, 2012, the Court sentenced Defendant to natural life imprisonment on the home invasion robbery count as a Prison Releasee Reoffender ("PRR"). Defendant's direct appeal of his judgment and sentence was *per curiam* affirmed by the Fifth District Court of Appeal; the mandate was issued on August 16, 2013.

On August 12, 2015, Defendant filed his initial motion for post-conviction relief along with a motion to extend the page limitation. On June 7, 2016, the Court granted the motion to extend the page limitation and dismissed the motion for post-conviction relief without prejudice to the filing of a legally sufficient motion within sixty (60) days. On July 14, 2016, Defendant filed the instant amended motion for post-conviction relief. On August 22, 2016, the State filed its response. On September 6, 2016, Defendant filed a reply. On November 29, 2016, the State filed a motion to appoint post-conviction counsel on the basis that the legal issues in the amended motion for post-conviction are "sufficiently complicated". On December 2, 2016, the Court granted the State's motion and appointed post-conviction counsel.

*1*

-262-

## ANALYSIS AND CONCLUSION
### GROUND A

In Ground A, Defendant raises several sub-grounds surrounding a central claim that trial counsel provided ineffective assistance by failing to supplement an adopted motion with various oral arguments. Each sub-ground will be addressed below. The adopted motion in question was entitled "motion for supplemental jury instructions and to permit *voire dire* questioning of the jury panel regarding penalties, enhanced penalties based on jury findings and minimum mandatory penalties." *See* Appendix A. This motion was ultimately denied by the Court.

In the first sub-ground, Defendant appears to allege that trial counsel was ineffective for failing to raise and argue that the 1984 revision of Florida Rule of Criminal Procedure 3.390(a) was unconstitutional, in that the revision took away "the jury's pardoning powers of its consideration of legislatively defined evidence of the instructed penalties for the offense . . . ." Defendant alleges that this argument was necessary in order to bolster the strength of the above-mentioned motion, and if trial counsel had raised this argument the motion would have been granted by the Court. This first sub-ground is without merit.

Florida Rule of Criminal Procedure 3.390(a) provides that "[e]xcept in capital cases, the judge shall not instruct the jury on the sentence which may be imposed for the offense for which the accused is on trial." This rule has been construed to mean that the jury need only be instructed as to the possible penalty when it is faced with the choice of recommending either the death penalty or life imprisonment. *As to offenses in which the jury plays no role in sentencing, the jury will not be advised of the possible penalties.*

*Nixon v. State*, 572 So. 2d 1336, 1345 (Fla. 1990) (citing *Coleman v. State*, 484 So. 2d 624, 628 (Fla. 1st DCA 1986)) (emphasis added). "Such information is improper because, except in death penalty cases, the jury does not recommend a sentence." *Brandon v. State*, 727 So. 2d 1010, 1011 (Fla. 5th DCA 1999). Further, "rule [3.390(a)] abrogates the legislature's grant of discretion to the trial judge given in section 918.10(1), Florida Statutes (1991), which provides that the trial judge shall instruct the jury 'on the law of the case and must include the penalty for the offense for which the accused is being charged.'" *Knight v. State*, 653 So. 2d 457, 458 (Fla. 5th DCA 1995), *approved*, 668 So. 2d 596 (Fla. 1996). Thus, the Court finds that trial counsel was not deficient for failing to make a meritless argument. *See Moore v. State*, 225 So. 3d 307 (Fla. 3d DCA 2017). Therefore, this first sub-ground is **DENIED**.

2

-263-

In the second sub-ground, Defendant appears to allege that trial counsel was ineffective for failing to ensure that all elements of the charged offenses were included in the jury instructions. Defendant avers that the penalties he faced for each offense should have been included in the jury instructions. The jury was instructed on all elements of the charged offenses and lesser includes. *See* Appendix B (Jury Charge Transcript). Further, based on discussion of the first sub-ground, the instructions were sufficient even though they did not include the penalties for each offense. Therefore, this second sub-ground is **DENIED**.

In the third sub-ground, Defendant appears to allege that trial counsel was ineffective for failing to "recognize" that the PRR Statute aggravates a prospective sentence, thus triggering the need for special jury instructions. This third sub-ground is without merit. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." *Sheffield v. State*, 794 So. 2d 592, 594 (Fla. 2001) (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)) (emphasis added). "[T]he [PRR Statute] does not increase the maximum statutory penalty. Here the sentencing court's discretion in selecting a penalty within the statutory range is simply limited." *Sheffield*, 794 So. 2d at 594. Thus, the Court finds that trial counsel was not deficient for failing to make a meritless argument. *See Moore*, 225 So. 3d at 307. Therefore, this third sub-ground is **DENIED**.

In the fourth sub-ground, Defendant appears to allege that trial counsel was ineffective for failing to raise the argument that in 1972, the Florida Supreme Court adopted a version of Florida Rule of Criminal Procedure 3.390(a) that required the penalties a defendant faced for each offense to be included in the jury instructions. Defendant further alleges that 1972 version of Florida Rule of Criminal Procedure 3.390(a) was the governing rule at the time of trial. For the reasons discussed in the first sub-ground, this argument is without merit. Further, the 1972 version of the Florida Rule of Criminal Procedure 3.390(a) was not the governing rule at the time of Defendant's trial. Thus, the Court finds that trial counsel was not deficient for failing to make meritless arguments. *See Moore*, 225 So. 3d at 307. Therefore, this fourth sub-ground is **DENIED**.

In the fifth sub-ground, Defendant appears to allege that trial counsel was ineffective for failing to argue that Florida Rules of Criminal Procedure 3.701 and 3.988 were unconstitutional because the adoption of the aforementioned rules effectively enacted substantive law penalties

3

capital cases, the judge shall not instruct the jury on the sentence which may be imposed for the offense for which the accused is on trial.'" *Nixon*, 572 So. 2d at, 1345 (citing *Coleman*, 484 So. 2d at 628). Thus, the Court finds that trial counsel was not deficient for failing to make meritless arguments. *See Moore*, 225 So. 3d at 307. Therefore, this eighth sub-ground is **DENIED**.

In the ninth sub-ground, Defendant appears to allege that trial counsel was ineffective for failing to make a contemporaneous objection when the Court denied the above-mentioned motion. Defendant further avers that trial counsel was ineffective for not renewing the objection at the appropriate time. For the reasons explained in all the sub-grounds above the Court finds this claim is without merit. Thus, the Court finds that trial counsel was not deficient for failing to make meritless objections. *See Moore*, 225 So. 3d at 307. Therefore, this ninth sub-ground is **DENIED**.

In the tenth sub-ground, Defendant appears to allege that trial counsel was ineffective for failing to raise the above mentioned motion for the purpose of questioning the jurors for potential bias and educating the jurors on sentence enhancements. As stated above, "Florida Rule of Criminal Procedure 3.390(a) provides that '[e]xcept in capital cases, the judge shall not instruct the jury on the sentence which may be imposed for the offense for which the accused is on trial.'" *Nixon*, 572 So. 2d at, 1345 (citing *Coleman*, 484 So. 2d at 628). Consequently, educating the jury on the alleged enhancements would have been inappropriate. Thus, the Court finds that trial counsel was not deficient for failing to make a meritless argument. *See Moore*, 225 So. 3d at 307. Therefore, this tenth sub-ground is **DENIED**.

In the eleventh sub-ground, Defendant alleges that trial counsel was ineffective for failing to preserve the above-mentioned motion in regards to questioning jurors for potential bias and educating the jurors about sentence enhancements. For the reasons explained in all the sub-grounds above, the Court finds this claim is without merit. Thus, the Court finds that trial counsel was not deficient for failing to make meritless objections. *See Moore*, 225 So. 3d at 307. Therefore, this eleventh sub-ground is **DENIED**.

In the twelfth sub-ground, Defendant appears to allege that by not raising all of the above mentioned sub-grounds trial counsel was ineffective because certain federal grounds were not preserved for review. For the reasons explained in all the sub-grounds above, the Court finds this claim is without merit. Thus, the Court finds that trial counsel was not deficient for failing to

In the second sub-ground, Defendant appears to allege that his sentence is illegal because there was no jury determination of his PRR status. This claim is without merit. *See Sheffield*, 794 So. 2d at 594. Therefore, this second sub-ground is **DENIED**.

In the third sub-ground, Defendant appears to allege that his sentence is illegal because the State must include its intention to seek sentencing under the PRR Statute in the charging information. There is, "no requirement therein that a defendant be given written notice of the state's intent to seek enhanced penalties as a prison releasee reoffender." *Akers*, 890 So. 2d at 1259. Therefore, this third sub-ground is **DENIED**.

In the fourth sub-ground, Defendant appears to allege the State must prove that a defendant qualifies for PRR status beyond a reasonable doubt. "*Apprendi* does not require that the petitioner's release be proved to a jury beyond a reasonable doubt." *See Sheffield*, 794 So. 2d at 594. Therefore, this fourth sub-ground is **DENIED**.

In the fifth sub-ground, Defendant appears to allege that the jury must be properly instructed on the sentencing enhancements under the PRR statute. This was addressed extensively in several sub-grounds within Ground A, and denied. Therefore, this fifth sub-ground is **DENIED**.

In the sixth sub-ground, Defendant appears to allege that under Florida Rule of Criminal Procedure 3.140(d)(1), the State is required to reference the PRR statute in the charging information to put Defendant on notice of its intention to seek enhanced penalties under the PRR statute. "'As to notice, publication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions'" *Ellis v. State*, 762 So. 2d 912 (Fla. 2000) (citing *State v. Beasley*, 580 So. 2d 139, 142 (Fla.1991)). As stated above there is, "no requirement therein that a defendant be given written notice of the state's intent to seek enhanced penalties as a prison releasee reoffender." *Akers*, 890 So. 2d at 1259. Therefore, this sixth sub-ground is **DENIED**.

To the extent Defendant appears to allege that the PRR statute is unconstitutional, such a claim is not cognizable within a motion for post-conviction relief as it could have been raised on direct appeal. *See Issac*, 767 So. 2d at 1281; *see also* Fla. R. Crim. P. 3.850(c). Further, the Florida Supreme Court has held that the PRR statute, "does not violate separation of powers," and has rejected other constitutional challenges to the act. *See Ellis*, 762 So. 2d at 912.

7

-268-

**is not a vehicle for obtaining a second appeal.** Matters raised on direct appeal and decided adversely to the appellant cannot be rehashed in a rule 3.850 motion." *Epps*, 651 So. 2d at 809 (emphasis added).

**GROUND D**

In Ground D, Defendant appears to allege that trial counsel was ineffective for failing to object to a specific jury instruction given by the Court. Defendant avers that the trial court "purported to the jury 'not to ask their own questions,'" and also instructed the jury that they could not have the transcript to be read back. This claim is without merit. Defendant has alleged that the following quote constituted per se reversible error and that trial counsel's failure to object to the instruction precluded inquiry on appeal.

> "And as I mentioned yesterday, you need to listen carefully to all matters presented to you, testimony of matters, any other matters, testimony of witnesses, any other matters, because most likely during deliberations the jury will be relying on their collective recollection of what you heard. Though it is possible, and I can do it under circumstances if necessary, ask the Court Reporter to read back maybe selected portions of testimony. But that is very labor intensive with the Court Reporters trying to read back their cryptic, shorthand-type of notes to you. Though it can be done and I have had it done in the past, more often than not the Jury is relying on their collective recollections."

The Court finds that this jury instruction did not preclude the jury from asking questions or having the transcript read back. Accordingly, the Court finds that trial counsel was not deficient for failing to make a meritless argument. *See Moore*, 225 So. 3d at 307. Therefore, Ground D is **DENIED.**

To the extent that Defendant is alleging that the trial court erred, such error cannot be raised in a motion for post-conviction relief, because these errors could have been raised on direct appeal. *Ramon*, 219 So. 3d at 205 (citing generally *Swanson*, 984 So. 2d at 629); *see also* Fla. R. Crim. P. 3.850(c). To the extent Defendant is alleging that there was insufficient evidence to support his conviction this claim is without merit, as sufficiency of the evidence claims are not cognizable to collateral attack in a motion for post-conviction relief. *See Porter*, 478 So. 2d at 35. Moreover, "[a] **motion for post-conviction relief is not a vehicle for obtaining a second appeal.** Matters raised on direct appeal and decided adversely to the appellant cannot be rehashed in a rule 3.850 motion." *Epps*, 651 So. 2d at 809 (emphasis added).

9

## GROUND G

In Ground G, Defendant alleges several sub-grounds in support of a central ground that trial counsel was ineffective for failing to properly suppress the identification made by Officer Kaparis. All of these claims surround actions trial counsel should have taken at the pre-trial motion in limine hearing.

In the first sub-ground, Defendant appears to allege that trial counsel was ineffective for failing to call Officer Mathis as an exculpatory witness for the defense. Defendant alleges that Officer Matthis's testimony would have conflicted with Officer Kaparis's testimony. Defendant avers that the conflicting testimony would have added greater weight to the evidence presented at the motion in limine hearing, and therefore the Court would have granted the motion in limine. The State disputes Defendant's entitlement to relief. Thus, this first sub-ground will be set for an **EVIDENTIARY HEARING.**

In the second sub-ground, Defendant appears to allege that trial counsel was ineffective for failing to impeach Officer Kaparis with information regarding an alleged brain injury. The State disputes Defendant's entitlement to relief. Thus, this second sub-ground will be set for an **EVIDENTIARY HEARING.**

In the third sub-ground, Defendant appears to allege that Officer Kaparis used hints and clues contained within a photo identification pack in order to identify Defendant and that trial counsel was ineffective for not questioning Officer Kaparis on this allegation. The State disputes Defendant's entitlement to relief. Thus, this third sub-ground will be set for an **EVIDENTIARY HEARING.**

In the fourth sub-ground, Defendant appears to allege that trial counsel was ineffective for failing to call Officer Jarrel as an exculpatory witness for the defense. Defendant alleges that Officer Jarrel's testimony would have conflicted with Officer Kaparis's testimony. Defendant avers that the conflicting testimony would have added greater weight to the evidence presented at the motion in limine hearing, and therefore the Court would have granted the motion in limine. The State disputes Defendant's entitlement to relief. Thus, this fourth sub-ground will be set for an **EVIDENTIARY HEARING.**

In the fifth sub-ground, Defendant appears to allege that trial counsel was ineffective for failing to properly impeach Investigator Graves about various statements he was told by other officers after he arrived at the crime scene. Defendant appears to allege that Investigator Graves

11

-272-

## APPOINTMENT OF POST-CONVICTION COUNSEL

Post-conviction counsel was appointed in an order dated November 30, 2016. *See* Appendix F. The appointment of post-conviction counsel was pursuant to a motion by the State, in which the State conceded that the legal issues presented in the motion are "sufficiently complicated." *See* Appendix G. The Court notes that the grounds set for an evidentiary hearing are without prejudice to Defendant voluntarily dismissing said grounds in the event of a compromised agreement between State and Defendant, pursuant to section 921.186 Florida Statutes. *Id.*

Accordingly, it is **ORDERED** that:

1) Grounds F and G  will be set for an  **EVIDENTIARY HEARING**  to occur on July 12, 2019 at 8:30 a.m. in Courtroom No. 1, S. James Foxman Justice Center, 251 N. Ridgewood Avenue, Daytona Beach, Florida 32114;

2) Grounds A, B, C, D, and E are **DENIED**;

3) Ground H will be held in **ABEYANCE** pending the resolution of the other enumerated grounds; and

4) The Office of the State Attorney is **DIRECTED** to prepare and present to the Court a transport order to permit Defendant to be present at the evidentiary hearing.

*This order is a nonfinal, nonappealable order; Defendant has no right to appeal the order until entry of the final order.*

**DONE AND ORDERED** in Chambers, in Volusia County, Daytona Beach, Florida, this 29th day of Apri , 2019.

DENNIS CRAIG
CIRCUIT COURT JUDGE

cc:
Wayne D. Matthews, Defendant, D.C # V16974, Desoto Annex (Male), 13617 S.E. Highway 70 Arcadia, Florida 34266-7800
Diane Davison, Attorney for Defendant, dkdavisonlaw@gmail.com
Office of the State Attorney, Post-Conviction Division, eservicevolusia@sao7.org

13

-274-